# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GENE G. GRAFENSTEIN,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF JUSTICE,
　　　　　Agency.

DOCKET NUMBER
AT-0752-19-0477-I-1

DATE: December 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gene G. Grafenstein</u>, Fort Lauderdale, Florida, pro se.

<u>Kaymi Y. Ross</u>, Springfield, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his 60-day suspension for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

___

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## ANALYSIS

The appellant is a GS-13 Criminal Investigator for the Miami Field Division of the agency's Drug Enforcement Administration. Initial Appeal File (IAF), Tab 5 at 58. Effective May 6, 2019, the agency suspended the appellant for 60 days based on four charges: (1) lack of candor, (2) unauthorized use of an official Government vehicle (OGV), (3) poor judgment, and (4) failure to follow instructions, all stemming from events that occurred on Sunday, October 29, 2017. *Id.* at 36-37, 42-56.

On the morning of Monday, October 30, 2017, the appellant notified his supervisor that, the day before, he was driving in his OGV with unauthorized passengers when he got in an accident with another vehicle and was physically assaulted by an occupant of that vehicle. IAF, Tab 6 at 181-82. The appellant's supervisor had him prepare a statement for the Miami Field Division Special Agent in Charge, who in turn referred the matter to the Drug Enforcement Administration's Office of Professional Responsibility. *Id.* at 17-23. The investigation was taken over by the agency's Office of Inspector General (OIG), which reviewed the evidence, conducted several interviews, and on July 10, 2018, issued a report of investigation. *Id.* at 5-15. The OIG concluded that the

appellant had committed several acts of misconduct, both in relation to the underlying incident and in subsequently reporting the incident. *Id.* at 8-13.

In his response to the notice of proposed suspension, the appellant essentially conceded to the charges of unauthorized use of an OGV, poor judgment, and failure to follow instructions.[2]  IAF, Tab 5 at 88-89.  However, he contested the lack of candor charge and sought a reduction in the penalty.  *Id.* at 90-105.  The deciding official, however, sustained all the charges and upheld the proposed 60-day suspension. *Id.* at 36-37.

On appeal to the Board, the appellant again contested the lack of candor charge and the penalty imposed.  IAF, Tab 1 at 6.  He also raised several affirmative defenses, but he withdrew his affirmative defenses at the beginning of the hearing.  IAF, Tab 1 at 6, Tab 30 at 4-5, Tabs 49-50, 65; Hearing Recording, (HR) Track 2 at 1:30.

After the hearing, the administrative judge issued an initial decision sustaining the 60-day suspension.  IAF, Tab 67, Initial Decision (ID).  She found that the agency proved its lack of candor charge and that the remaining charges were undisputed.  ID at 2-7.  She further found that the agency selected a penalty within the tolerable limits of reasonableness.  ID at 8-10.

The appellant has filed a petition for review, raising several procedural issues and contesting the lack of candor charge and the penalty.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

---

[2] The unauthorized use of an OGV charge pertains to the appellant's actions prior to the accident, when he drove his OGV while off duty for other than official purposes to multiple locations, transported multiple unauthorized passengers, and consumed alcohol prior to driving.  IAF, Tab 5 at 131-133. The poor judgment charge pertains to the appellant's actions after the accident, when he continued to consume alcohol and drive multiple unauthorized passengers to multiple locations.  *Id.* at 133-34.  The failure to follow instructions charge pertains to the appellant's failure to report the OGV accident immediately, as required by the Drug Enforcement Administration Agents Manual.  *Id.* at 134.

**ANALYSIS**

Hearing Recording

Under 5 U.S.C. § 7701(a)(1), an appellant who was subjected to an action that is appealable to the Board has "the right . . . to a hearing for which a transcript will be kept. . . ." *Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 6 (2005). In discussing witness testimony, the Board relies on audio recordings, which are the official, verbatim record of the hearing. *Marotta v. Department of Health & Human Services*, 34 M.S.P.R. 252, 257, *aff'd*, 837 F.2d 1096 (Fed. Cir. 1987) (Table). The Board has found that, when the record of the hearing contains material omissions of evidence necessary to adjudicate the appeal, the evidence must be taken again. *Walker v. Office of Personnel Management*, 52 M.S.P.R. 101, 104 (1991).

In this case, the appellant argues that a complete and accurate recording of the hearing is unavailable because the court reporter failed to appear at the hearing and the administrative judge recorded the testimony herself on her smartphone. PFR File, Tab 1 at 8. He alleges that, partway through the hearing, the court reporter contacted the administrative judge and attempted to transcribe the proceedings remotely, but that this effort "was fraught with technical difficulties, faltering transmission, inability of court reporter to properly hear and transcribe witness testimony, continual interference with counsel examination," and so forth. *Id.* The appellant argues that the administrative judge's decision to continue without the court reporter present prejudiced his substantive rights because it prevents the Board from fully and accurately reviewing the record. *Id.*

As an initial matter, it does not appear to us that the appellant objected to the method of recording the hearing below. A party is obliged to preserve for the Board's review his objection to the administrative judge's conduct of the hearing; he cannot wait until after the adjudication is complete to object for the first time to the administrative judge's hearing-related rulings. *Jones v. Department of Health & Human Services*, 52 M.S.P.R. 669, 671 (1992). Furthermore, even if

the appellant had objected, we would find that the administrative judge's method of preparing the hearing recording did not constitute an abuse of her broad discretion to regulate the course of the hearing and take all actions necessary to issue a timely decision. *See* 5 C.F.R. § 1201.41(a), (b)(6). Although hearing recordings are generally prepared by a court reporter, in appropriate cases, the administrative judge herself may prepare the recording. 5 C.F.R. § 1201.53(a). Nor would we find that the appellant's substantive rights were prejudiced. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Not only does our review of the hearing recording reveal it to be clear and audible, with no obvious missing portions, the appellant has not explained exactly what testimony he believes is not adequately represented in the recording or how any such testimony might be material to the outcome of the appeal. *See Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 19 (2015) (finding that an incomplete hearing recording warrants remand only if the missing testimony is material); *Kane v. Defense Personnel Support Center*, 21 M.S.P.R. 358, 360 (1984) (same).

Lack of Candor

Lack of candor requires proof that (1) the employee gave incorrect or incomplete information, and (2) he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Although lack of candor is distinguishable from falsification because it does not require a showing of an "intent to deceive," it nonetheless requires that the employee conveyed information knowing that it was incorrect or incomplete. *Parkinson v. Department of Justice*, 815 F.3d 757, 765-66 (Fed. Cir. 2016), *aff'd in pertinent part and rev'd in part on other grounds*, 874 F.3d 712 (Fed. Cir. 2017) (en banc). Once an agency has proven an underlying misconduct charge, a concealment or lack of candor charge also must be sustained based on the appellant's "failure to respond truthfully or completely when questioned about matters relating to the

proven misconduct." *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002) (quoting *Gootee v. Veterans Administration*, 36 M.S.P.R. 526, 529 (1988)).

In this case, the agency alleged that "[o]n October 30, 2017, you were less than candid with your supervisors when you described events surrounding an OGV accident on October 29, 2017." IAF, Tab 5 at 43. The agency elaborated on this allegation in six pages of narrative, describing how the appellant's initial email report of the accident omitted key facts, and how the appellant added additional details each of the several times that his supervisors and the OIG Special Agents pressed him for more information. *Id.* at 43-49.

The administrative judge sustained the charge, finding that the appellant failed to disclose material facts in each of his three email statements. ID at 6. She acknowledged the appellant's contentions that he misunderstood the scope of information that his supervisors wanted in the statements and that his omission of some facts was due to his failure to recall them until later. ID at 6. However, after taking in-person testimony and observing the appellant's demeanor, the administrative judge declined to credit the appellant's version of events. ID at 6-7. She found that the appellant was essentially asking her to believe that he thought he was only required to report the details of his misconduct if and when he was specifically asked about it, and she declined to credit this explanation for his failure to be fully forthcoming. ID at 7. She concluded that the appellant knowingly and intentionally omitted material facts about his drinking, the unauthorized passengers in his OGV, and how many unauthorized places he traveled to on the day of the accident.

On petition for review, the appellant argues that the administrative judge failed to consider that the deciding official disbelieved his account of how he sustained his injury and believed that he was still not telling the whole truth. PFR File, Tab 1 at 8; HR, Track 2 at 50:50 (testimony of the deciding official).

However, the deciding official's skepticism about the appellant's account does not demonstrate any error in his decision-making process.

The appellant further argues that the administrative judge failed to consider the "secondary investigation" that agency management conducted parallel to the OIG investigation. PFR File, Tab 1 at 8-9, 12. The appellant is apparently referring to the October 30, 2019 meeting during which his immediate supervisor, the Special Agent in Charge, the Associate Special Agent in Charge, and the Assistant Special Agent in Charge interrogated him about the events of the previous day in relation to preparing a comprehensive email statement. *Id.* He asserts that the interrogation was not recorded or memorialized in writing, the OIG failed to interview the Special Agent in Charge or Assistant Special Agent in Charge, and the administrative judge improperly disallowed these two individuals as witnesses. *Id.* The appellant further argues that this interrogation was unauthorized and resulted in improper influence over the OIG investigation.[3] *Id.*

As an initial matter, we disagree with the appellant's characterization of this October 30, 2019 meeting as an unauthorized secondary investigation. The appellant has identified no law, rule, or regulation that would prevent his supervisors from questioning him about suspected misconduct. In fact, we find that they would have been remiss in failing to do so. Furthermore, this interrogation was not some sort of shadow investigation parallel to the OIG investigation; rather, it was an initial inquiry by management that precipitated the eventual OIG investigation. Moreover, at a fundamental level, the appellant has not identified any dispute of material fact about what transpired during the

---

[3] The appellant asserts that the manner in which the OIG conducted the investigation constituted a violation of his due process rights. PFR File, Tab 1 at 9-10. However, not only did the appellant explicitly waive his affirmative defenses at the start of the hearing, HR, Track 2 at 1:30, we find that the manner of OIG's investigation did not implicate his right to due process, i.e., prior notice of and an opportunity to respond to the reasons for the adverse action, *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Alsedek v. Department of the Army*, 58 M.S.P.R. 229, 240-41 (1993).

October 30, 2019 meeting. The appellant states that he was denied discovery and witness testimony concerning this meeting, *id.* at 8-10, 12, but he has not explained what he believes this evidence would have shown, *see Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 11 (2001); *Brewer v. Department of the Interior*, 76 M.S.P.R. 363, 368 (1997).

In any event, regardless of what transpired at the October 30, 2019 meeting, for the reasons explained in the initial decision, we agree with the administrative judge that the lack of candor charge is fully supported by the undisputed record. ID at 6-7. We can accept that the appellant's omission of some details, such as his whereabouts earlier in the day, might have been totally innocent and due to him not thinking that they were relevant to an accident report. However, the appellant knew or should have known that many of the details that he omitted in his three email statements were material to the matter at issue. For instance, we cannot accept that the appellant was unaware that the agency officials for whom he was writing the statement would want to know about his destination and reason for being out at the time of the accident, the presence of passengers in his OGV, his consumption of alcohol, and the fact that one of those passengers provoked the people in the other car involved in the accident. None of these omitted facts reflect favorably on the appellant's conduct, and considering the totality of the evidence, we disagree with the appellant's assertion that their omission did not contain an element of deception. PFR File, Tab 1 at 9-10.

Penalty

Because all the agency's charges are sustained, the Board's authority to review the penalty is limited. *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Id.* In determining whether the selected penalty is reasonable, the Board gives due

deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that management judgment has been properly exercised. *Id.* Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.*

In this case, the appellant argues that the deciding official failed to conscientiously consider the penalty factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 1 at 9. Specifically, he argues that, at the hearing, the deciding official was only able to recall three of the *Douglas* factors and how he applied them to the appellant's case. *Id.* However, our review of the hearing testimony shows that the administrative judge was insistent that the deciding official testify about these matters purely from memory, without any written aid to help him recall the factors or how he applied them in the appellant's case. HR, Track 2 at 39:40 (testimony of the deciding official). The fact that the deciding official was unable to recall the majority of the enumerated *Douglas* factors at the hearing does not show that he failed to apply them appropriately. In fact, the record contains an eight-page *Douglas* factors worksheet, in which the deciding official contentiously considered each of the enumerated factors as they pertained to the proposed suspension. IAF, Tab 5 at 69-77.

The appellant also disputes the deciding official's analysis of putative comparison employees. PFR File, Tab 1 at 9. The deciding official determined that there were no relevant comparators who had been disciplined for the same four charges as the appellant. IAF, Tab 5 at 71-72; HR, Track 2 at 45:30, Track 3 at 1:30. The appellant argues that, "[n]ot only was this a flawed analysis, this is irrelevant because the only charge under dispute is the Lack of Candor and a case does not have to be specific to all charges to be used as a comparative." PFR

File, Tab 1 at 9. We agree with the appellant in principle that a deciding official may be guided by previous disciplinary actions that are not exactly like the proposed action immediately before him; there is no per se rule that two multiple charge disciplinary actions must necessarily have all identical charges in order to be comparable. Even so, the appellant has not identified any previous case, with or without identical charges, that is reasonably comparable to this one. The appellant argued below that two Drug Enforcement Administration agents who engaged in a physical altercation at a bar were treated more leniently even though their misconduct was more serious than his. IAF, Tab 63. However, the Board has found that it will "not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately." *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. We find that the appellant's proffered comparators did not engage in conduct that was objectively similar to the conduct at issue in this appeal, and we therefore find that they are not proper comparators. *See id.* Because the remainder of the appellant's arguments in this regard are premised on the lack of candor charge not being sustained, we find that they provide no basis to disturb the initial decision. PFR File, Tab 1 at 9.

For the reasons explained in the initial decision, we agree with the administrative judge that the agency's chosen penalty of a 60-day suspension fell within the tolerable limits of reasonableness. ID at 8-10. The appellant used his OGV as a party bus for approximately 12 hours, drinking an unknown quantity of alcohol, making seven different stops, and transporting four different individuals to various places, including one who was highly intoxicated and another who was an unruly stranger. When his actions finally caught up with him and resulted in a physical assault and motor vehicle accident, he not only failed to report the incident as required but also continued his same pattern of behavior for another 3 hours until he finally decided that he was done for the night. Based on the undisputed charges alone, the agency very reasonably could have sought removal

of a law enforcement officer, even one with a sterling record like the appellant's. *See O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016) (finding that law enforcement officers may be held to a higher standard of conduct than other Federal employees), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); *Quander v. Department of Justice*, 22 M.S.P.R. 419, 421-23 (1984) (sustaining the appellant's removal and finding that his 16 years of satisfactory service as a law enforcement officer did not overcome the poor judgment exhibited by his petty theft and OGV-related misconduct), *aff'd*, 770 F.2d 180 (Fed. Cir. 1985). That the agency saw fit only to impose a 60-day suspension for this series of reckless decisions was an act of leniency. Compounded with the lack of candor charge, we find that the 60-day suspension was well within the tolerable limits of reasonableness. *See Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 36 (2011) (finding that offenses that cast doubt on an employee's honesty and integrity are particularly serious for a law enforcement officer).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.